Georgia A. Staton, Bar #004863
Robert R. Berk, Bar #010162
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7854
gstaton@jshfirm.com
rberk@jshfirm.com

Attorneys for Defendant Amazing Lash
Studio Franchise, LLC and Grant Walsh

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| THE LEONESIO GROUP, LLC, et al., | NO. 2:16-cv-02295-DLR |
| Plaintiffs, | **DEFENDANT AMAZING LASH STUDIO FRANCHISE, LLC'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT (DECLARATORY JUDGMENT)** |
| v. | |
| AMAZING LASH STUDIO FRANCHISE, LLC, a Texas limited liability company; and GRANT WALSH, an individual resident of Texas, | |
| Defendants. | |

This case involves two state court actions[1] that were consolidated prior to removal to this Court and a pending arbitration proceeding before the American Arbitration Association ("AAA"). Plaintiffs' action for declaratory relief should be dismissed as moot for the reasons described herein.

Subject to Defendant Amazing Lash Studio Franchise, LLC's ("ALSF") pending *Motion to Stay and Compel Arbitration of Certain Claims* [Doc. #1-3, pg. 236], ALSF hereby answers Plaintiffs' *First Amended Complaint (Declaratory Judgment)* that was filed in state court as Cause No. CV2016-006190 [Doc. # 1-1] (the "Declaratory

---

[1] In the original state court proceeding, Cause No. CV2016-002092 was a complaint for damages and injunctive relief, while Cause No. CV2016-006190 was a complaint for declaratory judgment. They were consolidated into a single proceeding prior to removal.

5184793.1

1    Complaint"). Defendant incorporates by reference the procedural history set forth in the

2    *Motion to Stay and Compel Arbitration of Certain Claims* [Doc. #1-3, pg. 236].

3    **The Declaratory Relief Sought by Plaintiffs is Moot**

4          Plaintiffs filed their Declaratory Complaint seeking a judicial declaration

5    that they are not subject to arbitration of ALSF's claims that are asserted in the AAA

6    proceeding. However, the relief sought in Plaintiffs' Declaratory Complaint is now moot

7    for the following reasons.

8          The declaratory relief sought by Plaintiffs **John Leonesio**, **Ron Record**, and

9    **United Club Services, LLC** ("UCS") is moot because on June 20, 2016, after a three-

10    hour evidentiary hearing and before this case was removed to this Court, State Superior

11    Court Judge Roger Brodman entered an order finding that these three Plaintiffs are subject

12    to arbitration and therefore must arbitrate their disputes with ALSF. Indeed, Plaintiffs

13    Leonesio, Record and UCS have already entered appearances before the arbitration

14    tribunal and submitted themselves to the jurisdiction of the AAA in connection with this

15    dispute.

16          The declaratory relief requested by Plaintiffs' **Redline Athletics**

17    **Franchising, LLC** ("Redline"), **The Hammer & Nails Salon Group, LLC** ("H&N"),

18    **Nailed It In AZ, LLC** ("Nailed It"), **R4 Consulting, LLC** ("R4"), and **Ron Record, Jr.**

19    is also moot because ALSF has non-suited, without prejudice, its arbitration claims

20    against these parties. As such, there is no need for this Court to reach the issue of

21    arbitrability for these parties. ALSF reserves and fully intends to exercise its right to assert

22    further claims against these non-suited parties through litigation proceedings that are

23    separate and apart from the pending AAA arbitration.

24          Because there is no ripe or remaining controversy involving the subject

25    matter raised in Plaintiffs' Declaratory Complaint, the Court should dismiss such action

26    and claims as moot.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Defendant ALSF's Original Answer to**
**First Amended Complaint (Declaratory Judgment)**

Answering further, if necessary—

Each numbered Paragraph in the answer below corresponds to the Paragraphs as numbered in the Declaratory Complaint. Defendant denies the allegations and characterizations made in the Declaratory Complaint, whether express or implied, that are not specifically admitted below.

## PARTIES

1.      The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 1 of the Declaratory Complaint.  By rule, these allegations stand denied.

2.      The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 2 of the Declaratory Complaint.  By rule, these allegations stand denied.

3.      The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 3 of the Declaratory Complaint.  By rule, these allegations stand denied.

4.      The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 4 of the Declaratory Complaint.  By rule, these allegations stand denied.

5.      The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 5 of the Declaratory Complaint.  By rule, these allegations stand denied.

6.      The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 6 of the Declaratory Complaint.  By rule, these allegations stand denied.

7.     The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 7 of the Declaratory Complaint.  By rule, these allegations stand denied.

8.     The allegations appear to be accurate; however, Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 8 of the Declaratory Complaint.  By rule, these allegations stand denied.

9.     ALSF admits that it is a limited liability company, organized under the laws of the State of Texas. ALSF further admits that it maintains offices in Maricopa County, Arizona, but denies that such offices constitute the company's principal place of business or that ALSF is a resident of the State of Arizona.

## JURISDICTION AND VENUE

10.     Defendant contends that Plaintiffs John Leonesio, Ron Record and UCS and the claims asserted by or against them in connection with ALSF, are subject to the jurisdiction of the arbitration tribunal already pending before the American Arbitration Association (AAA Case No. 01 16 0000 8819), which case was initiated by Plaintiffs John Leonesio and The Leonesio Group, LLC ("TLG"). Further, the Superior Court previously ordered that Leonesio, Record, UCS and TLG must arbitrate their claims and disputes concerning ALSF pursuant to the written arbitration clause included in the Joint Venture Agreement for franchise consulting between ALSF and Plaintiffs Ron Record and TLG. Subject to ALSF's contention that all claims and disputes with Leonesio, Record and UCS should be ordered to arbitration, Defendant admits that the U.S. District Court for the District of Arizona may exercise subject matter jurisdiction over this civil action.

11.     Defendant admits it does business in this judicial district, but denies that this judicial district is ALSF's principal place of business. Defendant further denies that it committed any wrongful acts in this judicial district and denies the remaining allegations in Paragraph 11 of the Declaratory Complaint.

12.     Defendant contends that the proper venue for resolution of the claims and disputes involving Leonesio, Record and UCS is the arbitration tribunal appointed by

the AAA. Subject to such contention, Defendant admits that venue is proper in the U.S. District Court for the District of Arizona for this civil action, but denies that venue is convenient in this judicial district.

## **FACTUAL ALLEGATIONS**

13.     Defendant ALSF admits that it entered into the Amazing Lash Studio Joint Venture Agreement dated June 1, with "TLG, on behalf of itself and its owners, officers, agents, employees and affiliates." However, Defendant contends that Ron Record, individually, is also a party to the JV Agreement under the non-existent principal rule because TLG did not exist as a matter of law until late June 2014. Defendant admits that Exhibit A to the Declaratory Complaint is a true and correct copy of the JV Agreement. Defendant denies the remaining allegations in Paragraph 13 of the Declaratory Complaint.

14.     Defendant admits that the JV Agreement speaks for itself and says what it says.

15.     The allegations contained in Paragraph 15 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, ALSF contends that the signatories to the JV Agreement are ALSF, Ron Record and TLG, and that Ron Record, John Leonesio and UCS were previously found to be third-party beneficiaries by the Superior Court and are bound to arbitrate under the doctrine of equitable estoppel. Defendant denies the remaining allegations of Paragraph 15 of the Declaratory Complaint.

16.     The allegations contained in Paragraph 16 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, ALSF contends that Plaintiffs Ron Record, John Leonesio and UCS were previously found to be third-party beneficiaries by the Superior Court. Defendant denies the remaining allegations of Paragraph 16 of the Declaratory Complaint.

17.     Defendant admits that the JV Agreement speaks for itself and says what it says.

18. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 18 of the Declaratory Complaint, which allegations also appear to be legal conclusions. By rule, these allegations stand denied.

19. The allegations contained in Paragraph 19 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, ALSF contends that Plaintiffs Ron Record, John Leonesio and UCS were previously found to be third-party beneficiaries by the Superior Court. Defendant denies the remaining allegations of Paragraph 19 of the Declaratory Complaint.

20. The allegations contained in Paragraph 20 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of Paragraph 20 of the Declaratory Complaint.

21. The allegations contained in Paragraph 21 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of Paragraph 21 of the Declaratory Complaint.

22. The allegations contained in Paragraph 22 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of Paragraph 22 of the Declaratory Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Declaratory Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Declaratory Complaint.

25. Defendant admits that it asked all non-ALSF personnel to leave ALSF's leased office premises on March 14, 2016, but denies that such conduct was

unlawful. Defendant denies the remaining allegations in Paragraph 25 of the Declaratory Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Declaratory Complaint.

27.     Defendant admits the procedural litigation history described in Paragraph 27 of the Declaratory Complaint appears accurate, though denies it is a complete procedural history of this case.

28.     Defendant admits the procedural arbitration history described in Paragraph 28 of the Declaratory Complaint appears accurate, but denies it is a complete procedural history of the pending arbitration. Further, Defendant notes that Plaintiff John Leonesio was also a co-claimant with TLG when they commenced the AAA arbitration proceeding together.

29.     Defendant denies that the arbitration agreement is "narrow" as characterized by Plaintiffs and admits that the broadly-worded JV Agreement speaks for itself.  The remaining allegations contained in Paragraph 29 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 29 of the Declaratory Complaint.

30.     Defendant admits that the arbitration agreement in the JV Agreement speaks for itself and says what it says. Defendant admits that Exhibit B attached to the Declaratory Complaint is a true and correct copy of Defendant's First Amended Counterclaims and Third Party Claims before the AAA tribunal and that such pleading speaks for itself. However, Defendant also notes that it has already non-suited, without prejudice, the arbitration claims against Plaintiffs' Redline, H&N, Nailed It, R4 and Record, Jr. The remaining allegations contained in Paragraph 30 of the Declaratory Complaint are legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 30 of the Declaratory Complaint.

1
2

### CLAIM FOR RELIEF
**(Declaratory Judgment)**

3

31.    Defendant incorporates the foregoing Paragraphs herein.

4
5
6

32.    The allegations contained in Paragraph 32 of the Declaratory Complaint are legal conclusions to which a response is not required. By rule, they are denied.

7
8
9
10
11
12

33.    Defendant admits that its First Amended Counterclaims and Third Party Claims filed with the AAA tribunal speaks for itself. However, Defendant also notes that it has already non-suited, without prejudice, the arbitration claims against Plaintiffs' Redline, H&N, Nailed It, R4 and Record, Jr. Further, Defendant notes that Plaintiffs Leonesio, Record and UCS have already made appearances and asserted claims before the AAA tribunal.

13
14
15
16
17
18
19

34.    Defendant admits that despite requests by Defendant's Counsel for Plaintiffs to amend their Declaratory Complaint, Plaintiffs Leonesio, Record and UCS continue to nonsensically deny they are subject to the arbitration agreement, even though they were ordered to arbitration on June 20, 2016 by the Superior Court and they have already entered appearances and asserted claims before the AAA tribunal. Defendant notes it has non-suited, without prejudice, the arbitration claims against Plaintiffs Redline, H&N, Nailed It, R4 and Record, Jr.

20
21
22
23
24

35.    Defendant denies there is a ripe and justiciable controversy because the substantive issues of arbitrability have already been resolved through the Superior Court's prior order that Plaintiffs Leonesio, Record and UCS are subject to arbitration and by Defendant's non-suit of the arbitration claims against Plaintiffs Redline, H&N, Nailed It, R4 and Record, Jr.

25
26

36.    Paragraph 36 is a request for relief to which no response is required. However, Defendant denies that Plaintiffs' requested relief is appropriate given the lack of

27
28

5184793.1

8

1   any remaining justiciable controversy or question. The subject matter of the Declaratory

2   Complaint is moot.

3          37.    Defendant denies the allegations in Paragraph 37 of the Declaratory

4   Complaint.

5          DATED this 15th day of August 2016.

6                                              JONES, SKELTON & HOCHULI, P.L.C.

7

8                                       By  /s/  Georgia A. Staton
9                                           Georgia A. Staton
                                            Robert R. Berk
10                                          40 North Central Avenue, Suite 2700
                                            Phoenix, Arizona  85004
11                                          Attorneys for Defendant Amazing Lash
                                            Studio Franchise, LLC and Grant Walsh

12

13                          **CERTIFICATE OF SERVICE**

14          I hereby certify that on this 15th day of August 2016, I caused the

15   foregoing document to be filed electronically with the Clerk of Court through the

16   CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF

17   system.

18   /s/  Martín Lucero

19

20

21

22

23

24

25

26

27

28

5184793.1                                  9